UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN DE LOS SANTOS,<br><br>      Plaintiff,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 615 32BJ, and<br><br>BOSTON UNIVERSITY,<br><br>      Defendants. | No. 23-cv-11305-DJC |

**DEFENDANT BOSTON UNIVERSITY'S REPLY TO PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS, AND PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant Boston University ("Defendant") hereby respectfully submits this Reply to Plaintiff Juan De Los Santos's ("Plaintiff") "Motion in Opposition to Defendant's Motion to Dismiss", "Motion to Strike Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12(f)", and "Motion to Amend Complaint Pursuant to Fed. R. Civ. P Rule 15(a)." The Defendant, for purposes of this Reply, recognizes all three pleadings to be an "Opposition to Defendant's Motion to Dismiss for Failure to State a Claim." (Doc. 59). As detailed below, Plaintiff's filings do not cite any legal authority that should lead this Court to deny Defendant's Motion to Dismiss based on Section 301 preemption. Instead, Plaintiff's opposition takes two tracks: first, to assert infirm procedural objections to Defendant's motion to dismiss, and next to essentially attempt to relitigate his initial union grievance and his duty of fair representation action against the union without ever directly (or successfully) arguing why 301 preemption does not apply in this case. Plaintiff's motion to amend is futile and does nothing to reinvigorate his

claims and must be denied. Accordingly, for the reasons set forth in Defendant's initial memorandum, this case should be dismissed in its entirety.

I.    **ARGUMENT**

A. **DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM IS PERMISSIBLE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.**

Plaintiff's argument that Defendant is not procedurally entitled to bring its motion to dismiss is insupportable. The Federal Rules of Civil Procedure provides that the defense of a failure to state a claim upon which relief can be granted may be raised under Fed. R. Civ. P. 7(a) or by a motion for judgment on the pleadings. Unlike the defenses listed in Rule 12(b)(2)-(5), a moving party does not waive a Fed. R. Civ. P. 12(b)(6) failure to state a claim defense because a responsive pleading was previously filed by the moving party. See Fed. R. Civ. P. 12 (h)(1). The only limit on when a failure to state a claim defense can be raised is that it must be raised before disposition of a case on the merits. Here, the Court has not yet entered a disposition of this proceeding on the merits. *See also* Fed. R. Civ. P. 12(c) (allowing a motion for judgment on the pleadings, after pleadings are closed but early enough not to be heard before trial). The Plaintiff's assertion that the Defendant waived its right to pursue a failure to state a claim defense at this juncture of the proceeding because the Defendant filed an Answer is a baseless claim and a false interpretation of the Federal Rules of Civil Procedure.[1]

---

[1] Note further that this Court has the authority pursuant to Rule 12(d) to treat Defendant's motion as one for summary judgment pursuant to Rule 56. *Velez v. United Parcel Service,* 728 F.Supp.3d 228, 232 (D. Mass. 2024). Given the voluminous record submitted by Plaintiff is his opposition, as contemplated in Rule 12(d) he as certainly had "reasonable opportunity to present all the material that is pertinent" for consideration of a Rule 56 motion.

Moreover, Plaintiff's citation to Rule 12(f) in his "Motion to Strike Defendant's Motion to Dismiss" is baseless. Rule 12(f) states that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The rule is not intended to encompass striking an entire pleading to which the Plaintiff is merely attempting to file an opposition. As noted above, Defendant consequently treats the entirety of Plaintiff's filing as an opposition to its motion to dismiss.

Moreover, Defendant's 12(b)(6) motion is timely here because the grounds giving rise to Defendant's 301 preemption/failure to state a claim defense in this action did not arise until after the Defendant filed its Answer on April 3, 2024. On July 11, 2024, this Court granted the Union's Motion for Summary Judgment finding that the Union did not breach its duty of fair representation owed to the Plaintiff (Docket No. 49). Because the failure to bring or succeed on a duty of fair representation claim is an essential element of a 301 preemption and dismissal action, that defense did not accrue for Defendant until the Court ruled on the Union's motion concerning that claim. Accordingly, the Court's ruling on the Union's Motion for Summary Judgement gave rise to the Defendant's current motion so that motion is timely brought.

Finally, Plaintiff should be estopped from objecting to the filing of Defendant's motion to dismiss because in the "Joint Statement and Schedule" (Docket No. 54) filed by the parties on September 13, 2024, the parties both recognized that Defendant would file the current motion to dismiss by November 25, 2024 (which Defendant did). Furthermore, in an October 4, 2024, Electronic Order (Docket No. 55), the Court endorsed the filing dates for the current motion to dismiss. Any argument that Plaintiff wished to make claiming Defendant's motion to dismiss was untimely or barred has been waived by his failure to object in this regard.

### B. DEFENDANT'S ARGUMENT THAT PLAINTIFF'S ACTION IS NOT PREEMPTED UNDER SECTION 301 FAILS[2]

As detailed in the Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss (Docket No. 58), as a matter of law, a plaintiff's breach of contract claim is preempted

---

[2] Plaintiff's "Opposition" argues that he was not a Union member because he was not a signor of the CBA. The fact of the Plaintiff's Union membership has never been a fact in dispute in this litigation. Indeed, in paragraph 6 in his Complaint in this action (Docket No. 1, Attachment 1), Plaintiff admits to membership in the Union and the coverage of the Collective Bargaining Agreement. Furthermore, the Plaintiff's bargaining unit membership is proven as a matter of fact in that he invoked the right to the grievance and arbitration processes in relation to his separation, and by and through his claim that the Union breached its duty of fair representation to him. Plaintiff is unable to distance himself from this relationship through his current pleadings.

because the resolution of such claim requires interpretation of a collective bargaining agreement. Here, the Plaintiff's action essentially challenges Defendant's termination of his employment and whether the adverse employment action was made with "just cause" as required by the collective bargaining agreement. Therefore, the resolution of the action directly hinges upon interpretation of the CBA governing the employment relationship between the Plaintiff and Defendant.

Section 301 preempts any other court action, but only allows a plaintiff to recover against an employer or the union when prevailing in a "hybrid 301-DFR action" by successfully establishing that the employer breached the terms of the CBA and that the union breached its duty of fair representation to him. Section 301 preemption was not raised by the Defendant earlier in this action because, although not cited as the legal basis of the Complaint, Plaintiff's Complaint effectively raised a hybrid action (brought against both parties and essentially alleging sufficient facts to support such a claim). Indeed, when the case was brought initially in Massachusetts Superior Court against only the Union, the Union removed the action to this Federal Court based on Section 301 preemption (Docket No. 1), and Plaintiff never challenged the basis of that subject-matter jurisdiction for removal. Only after the Union filed its motion to dismiss did Plaintiff move to amend his complaint to add Boston University as a necessary defendant in this case. At this stage of litigation, the Plaintiff cannot avoid Section 301 preemption and subsequent dismissal in favor of Boston University because the court granted summary judgement in favor of the Union on the claim of breach of duty of fair representation. Plaintiff's only viable action against Boston University would be the hybrid 301-DFR action, and that action fails because the duty of fair representation claim against the union failed. As such, this action must now be dismissed.

The law cited by Plaintiff to avoid 301 preemption and dismissal in this matter misses the mark. Plaintiff cites *Caterpillar, Inc. v Williams*, 482 U.S. 386 (1987), but the facts in *Caterpillar* are not analogous to this case. In *Caterpillar*, the employees, although union members, each had individual employment contracts with the defendant-employer, separate and apart from the CBA. Plaintiffs in *Caterpillar* filed claims in state court alleging breach of their contracts in connection with their *individual* employment contracts – not the CBA. The Court accordingly held that, because the plaintiffs' claims did not require the interpretation of the CBA, removal to federal court pursuant to Section 301 was not permitted, and the state-law contract claims were reinstated.

While the *Caterpillar* facts are not analogous to this case, the holding of the *Caterpillar* Court remains valid law, and in fact supports Defendant's position. The *Caterpillar* Court held that "Section 301 governs claims founded directly on rights created by collective-bargaining agreements" and claims "substantially dependent on analysis of a collective-bargaining agreement." *Id.* at 394. This is precisely Defendant's argument here. As set forth fully in Defendant's initial memorandum (–Docket No. 58), in order for the Court to resolve the action, the Court must decide the following: (1) whether the Defendant acted in in good faith when conducting its Title IX investigation in which the Plaintiff was the accused; (2) whether the Defendant's termination of Plaintiff's employment was supported by "just cause" and; (3) whether the process for adjudicating his grievance was defective. All three issues require the interpretation of the CBA.

The Plaintiff's reliance on *Farzinpour v. Berklee College of Music*, 516 F. Supp. 3d 33 (D. Mass. 2021), to support his position is also misplaced. Unlike the case at issue, the *Farzinpour* plaintiff, a former professor, brought an action against his employer alleging employment

discrimination under Title IX and wrongful termination in retaliation for the plaintiff engaging in protected activity. In that case the plaintiff alleged that the defendant discriminated against him, a Title IX complainant, on the basis of gender when rendering a Title IX decision in favor of an accused student. Additionally, the plaintiff alleged that the defendant in *Farzinpour* retaliated by terminating the plaintiff's employment following the plaintiff's complaint of gender bias in violation of Title VII and M.G.L. Chapter 151B.

Unlike the claims in the instant case, the *Farzinpour* plaintiff's claims were completely unrelated to the relevant CBA – so Defendant's motion to dismiss the discrimination and retaliation claims were thus not subject to Section 301 preemption.[3]

In addition, and contrary to Plaintiff's argument, the second holding by Judge Saris in *Farzinpour* actually *supports* Defendant's position in this case. There, Judge Saris ruled that the plaintiff's employment contract claim was preempted under Section 301 because the terms of his appointment letter incorporated the CBA. Moreover, the *Farzinpour* Court further held that the plaintiff's count alleging a violation of the implied covenant of good faith and fair dealing also stemmed from the CBA and was also preempted by Section 301. *Id.* at 44-43 ("where a CBA has an express fairness requirement, the court's analysis to ensure that the disciplinary proceedings were conducted with basic fairness focuses on ensuring compliance with the express contractual promise"). Thus, the holding in *Farzinpour* ultimately only support's Defendant's motion, and the Plaintiff's breach of contract claim should preempted by Section 301 and accordingly dismissed.

---

[3] Although not directly cited by the court in *Farzinpour*, the reason that employment discrimination claims survive 301 preemption and potential dismissal is because the U.S. Supreme Court in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), held that such discrimination claims are not subject to the grievance and arbitration procedures of collective bargaining agreements.

C. **PLAINTIFF'S MOTION TO AMEND MUST BE DENIED, AND IN ANY EVENT, WOULD BE MOOT.**

Plaintiff's Motion to Amend pursuant to Rule 15(a) should be denied. Plaintiff's Rule 15 motion appears to be based on the arguments (1) that additional facts should have been considered during the investigation of his misconduct and/or arbitration, (2) that Boston University subsequently permitted Plaintiff's son to continue to receive tuition remission after Plaintiff's termination (thereby ostensible reinstating Plaintiff's employment), and (3) that Plaintiff was not a signatory to the collective bargaining agreement between Boston University and the Union. *See* Plaintiff's Motion to Amend (Docket No. 59 at 3).

"The decision whether to allow motion for leave [to amend pleadings] falls within the district court's discretion." *Sheehan* v. *City of Gloucester*, 321 F.3d 21, 26 (1st Cir. 2003). While leave to amend is usually "freely given," denial will be upheld where there is stated a "justifying reason," such as "bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party [or] futility of the amendment." *Foman* v. *Davis*, 371 U.S. 178, 182 (1962). Even though Rule 15(a)'s liberal amendment policy seeks to serve justice, it certainly "does not excuse lack of diligence [on the part of plaintiffs,] that result in additional and unwarranted burdens on an opponent and the courts." *Acosta-Mestre* v. *Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 53 (1st Cir. 1998). Moreover, although Rule 15(a) does not prescribe a particular time limit for a motion to amend, it is well established that such a motion "should be made as soon as the necessity for altering the pleading becomes apparent." Charles Alan Wright, et al., 6A Federal Practice & Procedure § 1488 (2003).

While the legal and factual basis for the motion to amend is somewhat unclear, the additional facts alleged by Plaintiff in his Motion are either (1) ones well-known to Plaintiff before he initiated this action and successfully filed his first amended complaint to add Boston University

as a defendant or (2) otherwise irrelevant to supporting a motion to amend.  Plaintiff was fully aware of the factual basis of his dismissal through the underlying investigation and grievance and arbitration process – indeed, his initial complaint alleges a variety of facts claiming unfairness and lack of due process during the underlying proceeding.  The only new fact alleged -- that his son received ongoing tuition remission after his father was discharged – does not support any legal claim.  Contrary to Plaintiff's assertion, BU's decision to provide tuition remission to his son does not talismanically reinstate Plaintiff to his previous employment –nor does Plaintiff allege how such "reinstatement" supports a claim not otherwise preempted in this case.  In short, the new "facts" to support a motion to amend do not exist.  Coming as it does in the eleventh hour, coupled with his Opposition to the Motion to Dismiss, this is plainly a last-gasp effort by Plaintiff to forestall dismissal, and should be denied.  See 755 F.3d 1, 3

The motion to amend should also be denied as futile.  In the motion, Plaintiff appears to seek to add a claim of a violation of the Americans with Disabilities Act. 29 U.S.C. § 12101, *et seq.* ("the ADA"), and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688 ("Title IX"). He does so, however, without alleging sufficient facts to make out a valid claim upon which relief could be granted under either statute. Under the ADA, a plaintiff must alleged that he is a qualified individual with a disability, who is substantially limited in one or more major life activities, and that his employer either wrongfully failed to reasonably accommodate that disability or otherwise discriminated against him by adverse treatment due to the disability. *McCarthy v. Massachusetts General Brigham Incorporated*, 2024 WL 3416025 *2 (Casper, J. July 15, 2024).  Here, Plaintiff has alleged no such facts.  Moreover, Plaintiff has not timely brought an administrative charge alleging such violation within 300 days of the alleged adverse action, which in this case would have been Plaintiff's termination from employment on

November 18, 2021. *See Gamst v. Boston University*, 2024 WL 758153 *2 (D. Mass Feb 23, 2024)("A charge under the ADA must be filed with EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred, or within 300 days if the person aggrieved has initially instituted proceedings with [an authorized] state or local agency")(citing *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275 (1st Cir. 1999)). Accordingly, a charge would have had to been filed on or before September 14, 2022, and no such charge was filed. Because Plaintiff has not fulfilled the administrative filing requirement that is a prerequisite to maintaining an ADA action, the amendment of the complaint to add a count alleging violation of the ADA would be futile.[4]

Plaintiff's attempt to add a Title IX claim is equally infirm because Title IX only addresses allegations of sex discrimination against entities receiving Federal education funds. Because Plaintiff does not allege discrimination against him on the basis of his sex, he cannot maintain an action alleging a violation of Title IX.[5] Accordingly, a motion to amend to add such claim would be futile, and Plaintiff's motion must be dismissed.

## II.     CONCLUSION

For the foregoing reasons, Defendant reiterates its request that the Court grant its Motion and dismiss the Plaintiff's Complaint with prejudice.

---

[4] Of course, any claims alleging other forms of discrimination under similar employment discrimination statutes, such as Title VII of MGL Chapter 151B, would suffer a similar infirmity in that Plaintiff did not timely file the required administrative filing alleging such discrimination.

[5] Although several Massachusetts district courts have found that Title VII does not preempt a Title IX claim brought by an employee, it remains an open question in the First Circuit. *See Harrington v. Lesley University*, 554 F.Supp.3d 211, 228-239 (D. Mass. 2021).

Dated: January 6, 2025                    Respectfully submitted,

                                          BOSTON UNIVERISTY

                                          By its attorneys,


                                          ___/s/ Joseph P. McConnell_____
                                          Joseph P. McConnell, BBO # 566412
                                          Vineesha S. Sow, BBO # 693192
                                          Morgan, Brown & Joy, LLP
                                          200 State Street, 11th Floor
                                          Boston, MA 02109-2605
                                          Phone: (617) 523-6666
                                          Fax: (617) 367-3125
                                          jmcconnell@morganbrown.com
                                          vsow@morganbrown.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the Plaintiff's counsel, James E. Neyman, 76 Canal Street, Suite 402, Boston, MA, 02114 (email: james@neymanandassociates.com) by e-mail and through the court's ECF filing system this 6th day of January 2025.

                                          ___/s/ Joseph P. McConnell_____