UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JUAN DE LOS SANTOS,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | **Civil Action No. 23-cv-11305-DJC** |
| **TRUSTEES OF BOSTON UNIVERSITY and** ) | |
| **SERVICE EMPLOYEES INTERNATIONAL** ) | |
| **UNION, LOCAL 615 32BJ,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                    **July 8, 2025**

## I.    Introduction

Plaintiff Juan De Los Santos ("De Los Santos") has filed this lawsuit against Defendants Trustees of Boston University ("Boston University") alleging plain error ("Count I") and against Service Employees International Union, Local 615 32BK (the "Union") alleging failure to comply with the duty of fair representation ("Count II"). D. 38. In a previous decision, the Court allowed the Union's motion for summary judgment, D. 27, on the ground that the Union did not violate its duty of fair representation. D. 49. Boston University now has moved to dismiss the claim against it pursuant to Fed. R. Civ. P. 12(b)(6). D. 57. In response, De Los Santos has moved to strike the motion to dismiss and for leave to amend his complaint. D. 59. For the reasons stated below, the Court ALLOWS Boston University's motion to dismiss the amended complaint, D. 57, and DENIES De Los Santos's motions to for leave to amend the complaint and motions to strike, D. 59.

1

## II.    Standard of Review

### A.    Motion for Judgment on the Pleading

De Los Santos argues in the motion to strike that Boston University's motion to dismiss is improper because Boston University had already filed an answer to the amended complaint.  D. 59 at 6.  If there was anything "technically improper" about this sequence of filings, it is "[n]evertheless . . . immaterial given that [Boston University] Rule 12(b) defenses were, at least, mentioned in the answer."  Beebe v. Williams Coll., 430 F. Supp. 2d 18, 21 (D. Mass. 2006)); see D. 45 at 5 (raising as affirmative defense that De Los Santos's claim against Boston University is barred because it "exclusively pertain[s] to matters under the jurisdiction of the National Labor Relations Act and the Labor Management Relations Act").  Moreover, a motion to dismiss submitted after an answer had been filed may be treated as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  See Radcliffe v. Securian Fin. Grp., Inc., 906 F. Supp. 2d 874, 883 (D. Minn. 2012); Smith v. Stilphen, 344 F. Supp. 2d 794, 795 (D.N.H. 2004).  Accordingly, the Court will treat Boston University's motion as a motion for judgment on the pleadings and denies De Los Santos's motion to strike on this basis.  D. 59 at 2.[1]

Rule 12(c) allows a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  A motion

---

[1] To the extent that De Los Santos invokes any other basis to strike under Fed. R. Civ. P 12(f), such is not warranted here.  As an initial matter, motions to dismiss and their supporting memoranda are not pleadings and, therefore, cannot be stricken under Rule 12(f).  See Minahan v. Town of E. Longmeadow, No. 12-cv-30203-MAP, 2014 WL 1652646, at *2 (D. Mass. Apr. 22, 2014) (citations omitted), report and recommendation adopted, No. 12-cv-30203-MAP, 2014 WL 2040161 (D. Mass. May 15, 2014).  Even assuming arguendo that De Los Santos can move to strike Boston University's motion to dismiss and supporting memorandum, the motion still would not prevail given that De Los Santos has not shown that the motion and memorandum contain any "redundant, immaterial, impertinent, or scandalous" matters, a requisite element for a motion to strike pursuant to Rule 12(f).

for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is "ordinarily accorded much the same treatment" as a Rule 12(b)(6) motion.  Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006) (citations omitted).  To survive a motion for judgment on the pleadings, therefore, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Because a motion for judgment on the pleadings "calls for an assessment of the merits of the case at an embryonic stage," the Court "view[s] the facts contained in the pleadings in the light most favorable to the nonmovant and draw[s] all reasonable inferences therefrom" in his or her favor. Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (quoting R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006)).

On a Rule 12(c) motion, unlike a Rule 12(b) motion, the Court considers the pleadings, including the answer.  See Aponte-Torres, 445 F.3d at 54-55 (citation omitted).  Those assertions in the answer that have not been denied and do not conflict with the assertions in the complaint are taken as true. See Santiago v. Bloise, 741 F. Supp. 2d 357, 360 (D. Mass. 2010) (citations omitted). In addition, "[t]he court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice."  R.G. Fin. Corp., 446 F.3d at 182 (citing In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15-16 (1st Cir.2003)). Still, "[l]ike Rule 12(b)(6), Rule 12(c) does not allow for any resolution of contested facts; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." Aponte-Torres, 445 F.3d at 54.

B.    **Motion to Amend**

Given certain circumstances not implicated here, a party may amend a pleading under Rule

15(a) of the Federal Rules of Civil Procedure "only with the opposing party's written consent or

the court's leave." McLeod v. Fessenden Sch., 624 F. Supp. 3d 36, 43 (D. Mass. 2022). "The

court should," however, "freely give leave when justice so requires." Id. (citing Fed. R. Civ. P.

15(a)(2)). Nevertheless, courts are not required to grant leave to amend. "Reasons for denying

leave include undue delay in filing the motion, bad faith or dilatory movie, repeated failure to cure

deficiencies, undue prejudice to the opposing party, and futility of amendment." U.S. ex rel. Gagne

v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citing Foman v. Davis, 371 U.S. 178, 182

(1962). As relevant here, "'[f]utility' means that the complaint, as amended, would fail to state a

claim upon which relief could be granted." McLeod, 624 F. Supp. 3d at 44 (quoting Glassman v.

Computervision Corp., 90 F. 3d 617, 623 (1st Cir. 1996)). "The court must review a proposed

amended complaint for futility under the 'standard [that] applies to motions to dismiss under Fed.

R. Civ. P. 12(b)(6).'" Id. (quoting Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126

(1st Cir. 2006)).

III.    **Factual Background**

The following summary is based on allegations in De Los Santos's amended complaint, D.

38, which are accepted as true for the purposes of resolving the present motion.

De Los Santos was employed by Boston University from September 26, 2006 until

November 19, 2021 primarily as a custodian/maintenance worker who also operated the Zamboni

at the university's hockey rink. D. 38 ¶ 4. He was a member of the Union which had a collective

bargaining agreement ("CBA") with Boston University. Id. ¶ 6. On or about March 18, 2021, a

part-time custodial employee of Boston University filed a complaint against De Los Santos

pursuant to Boston University's Misconduct Policy involving Title IX. Id. ¶ 7. On November 18,

2021, after an investigation and hearing, Boston University terminated De Los Santos after finding him responsible for alleged violations of its Title IX policy. Id. ¶ 9. De Los Santos notified the Union on or about November 30, 2021 which filed a grievance on his behalf alleging a violation of the CBA and that De Los Santos was terminated without just cause. Id. ¶ 10. On January 7, 2022, in accordance with the CBA and by the parties' agreement, a Step 3 grievance meeting was held.[2] Id. ¶ 11.

On January 19, 2022, Boston University denied the Union's grievance. Id. ¶ 12. The Union and Boston University then moved to arbitration. Id. ¶ 13. As alleged, without consulting with De Los Santos, the Union's counsel agreed with Boston University that there would be no live testimony presented at the arbitration and that the evidentiary record would consist solely of the documents and facts set forth in the stipulated record. Id. ¶ 14. On or about October 19, 2022, the arbitrator rendered an adverse decision against De Los Santos. Id. ¶ 20.

## IV. Procedural History

De Los Santos initiated this action in Suffolk Superior Court on March 16, 2023 against the American Arbitration Association (the "AAA") and the Union. D. 1-1. On June 9, 2023, the Union removed the action to this Court. D. 1. On June 26, 2023, the AAA moved to dismiss, D. 13, which the Court allowed on September 29, 2023, D. 19. De Los Santos moved to amend the complaint to add Boston University as a defendant, D. 26, which the Court allowed, D. 31. On December 22, 2023, the Union moved for summary judgment, D. 27, which the Court allowed, D. 50. On February 7, 2024, De Los Santos filed the operative, amended complaint. D. 38. Boston

---

[2] The Court considers the text of the CBA as fairly incorporated in the complaint. D. 38 ¶ 6, 11; see R.G. Fin. Corp., 446 F.3d at 182 (citing Colonial Mortg., 324 F.3d at 15–16). Pursuant to the CBA, "in the event the grievance is not settled, the authorized representatives of the union shall meet with the department head of the Office of Human Resources or their designee. Step 3 conferences shall be held within five (5) days after it has been requested." D. 58-1 at 6.

University has now moved to dismiss the amended complaint. D. 57. In response, De Los Santos has moved to strike the motion to dismiss and for leave to amend the complaint. D. 59. The Court heard oral argument from the parties and took the matters under advisement. D. 61.

## V.    Discussion

### A.    <u>Section 301 Preemption</u>

"Section 301 of the Labor Management Relations Act [("LMRA")] . . . provides for suits in the district courts for violation of collective-bargaining contracts between labor organizations and employers without regard to the amount in controversy."[3] <u>Hines v. Anchor Motor Freight, Inc.</u>, 424 U.S. 554, 561 (1976) (citing 29 U.S.C. § 185). "Although [S]ection 301 'on its face is only a grant of federal jurisdiction, the Supreme Court has deemed labor contracts within its scope creatures of federal law and treats [S]ection 301 as a warrant both for removing to federal court state law claims preempted by section 301 and then dismissing them.'" <u>Deranamie v. SEIU Loc. 509</u>, 146 F. Supp. 3d 407, 411 (D. Mass. 2015) (some internal quotation marks omitted) (quoting <u>Haggins v. Verizon New England, Inc.</u>, 648 F.3d 50, 54 (1st Cir. 2011)). Preemption of state law claims under Section 301 is available if "the resolution of [those] claim[s] depends on the meaning" of the CBA. <u>Flibotte v. Pennsylvania Truck Lines, Inc.</u>, 131 F.3d 21, 26 (1st Cir. 1997) (quoting <u>Lingle v. Norge Div. of Magic Chef, Inc.</u> 486 U.S. 399, 405-06 (1988)). "A state-law claim. . . depend[s] on the meaning of collective bargaining agreement if either (1) 'it alleges

---

[3] The Court notes that De Los Santos's asserted cause of action against Boston University is "plain error." D. 38 ¶ 44. Boston University has characterized De Los Santos's claim against it as a "state-law breach of contract claim against [Boston] University in connection with the CBA." D. 58 at 5. De Los Santos does not contest this characterization in his opposition to the motion to dismiss, D. 59 at 6-8. Moreover, the substance of the allegations in the complaint appears to confirm the same. <u>See</u> D. 38 ¶¶ 18, 27 (alleging that Boston University violated his rights during the grievance process by failing to conduct a proper investigation, failed to reveal that De Los Santos's accuser was terminated and failed to consider affidavits from favorable witnesses). Accordingly, the Court construes the claim as such.

conduct that arguably constitutes a breach of duty that arises pursuant to a collective bargaining agreement,' or (2) 'its resolution arguably hinges upon an interpretation of the collective bargaining agreement.'" Haggins, 648 F.3d at 55 (some quotation marks omitted) (quoting Flibotte, 131 F.3d at 26).

Here, De Los Santos alleges that Boston University committed "plain error" and thereby breached the CBA by conducting "a flawed investigation with little to no substantive corroboration," D. 38 ¶ 18, failing to reveal that De Los Santos's accuser was terminated after his dismissal, id., and failing to "provide any impartiality such as giving weight to witness statements provided by longstanding employees who interacted with [De Los Santos] virtually on a daily basis," id. ¶ 27. Because the CBA governs the grievance process as well as the rights and duties of Boston University and its employees, D. 58-1 at 5, 6, determining whether Boston University's actions breached the CBA necessarily requires the Court to interpret the CBA. Farzinpour v. Berklee Coll. of Music, 516 F. Supp. 3d 33, 40-43 (D. Mass. 2021) (holding that the plaintiff's claims, inter alia, that the defendant failed to conduct a fair and impartial investigation, to provide fair access to evidence, and to gather and consider all relevant evidence, were governed by the CBA and thus were preempted by Section 301). Accordingly, De Los Santos's claim against Boston University is preempted by Section 301.

In his opposition to the motion to dismiss, De Los Santos argues that his claim is not preempted by Section 301 because he was not a signatory to the CBA. D. 59 at 6. This argument is unavailing given that De Los Santos himself alleges that he was a member of the Union at all relevant times, D. 38 ¶ 6; see Ramos v. United States Postal Serv., No. 23-cv-12848-ADB, 2024 WL 5009052, at *4 (D. Mass. Dec. 6, 2024) (explaining that "an opposition to a motion to dismiss is not the place for new factual allegations") (quoting Decoulos v. Town of Aquinnah, No. 17-cv-

11532, 2018 WL 3553351, at *12 (D. Mass. July 24, 2018)), and as such was a member of the bargaining unit covered by the CBA.

De Los Santos also argues that Boston University's preemption argument is contravened by the Supreme Court's holding in Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987). D. 59 at 7–8. In Caterpillar, Inc., the plaintiffs, former employees of the defendant, alleged in a state action that the defendant breached employment contracts it had made with them individually. Caterpillar, Inc., 482 U.S. at 389-90. The defendant removed the action to federal court, "arguing that removal was proper because any individual employment contracts made with [the plaintiffs]" were merged into the CBA the defendant had with the union and thus the plaintiffs' claims were preempted by Section 301. Id. at 390. The Court rejected this argument, holding that removal was improper because the federal question raised in the defendant's preemption argument *vis a vis* the CBA was not presented "on the face of the plaintiff[s]' properly pleaded complaint" given that the plaintiffs only alleged breach of their individual contracts. Id. at 392 (citing Gully v. First National Bank, 299 U.S. 109, 112–13 (1936)). The Court further explained that "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." Id. at 399 (emphasis in original).

Here, unlike in Caterpillar, De Los Santos's breach of contract claim against Boston University is, at base, founded upon the allegation that the school has breached the CBA. Thus, the federal question of preemption was not improperly injected into the action by Boston University, but directly implicated by De Los Santos's complaint. See Magerer v. John Sexton & Co., 912 F.2d 525, 528 (1st Cir. 1990) (explaining that "any state law claim which is subject to complete preemption by Section 301 of the LMRA is considered a claim arising under federal law within the district court's jurisdiction").

Given that of De Los Santos's claim against Boston University arose out of an alleged breach of the CBA and its resolution rely upon the interpretation of same, it is preempted by Section 301.[4]

**B.      Hybrid Claim**

Boston University is also correct that De Los Santos's claim also fails because it is not a viable, hybrid breach of contract/duty of fair representation claim.  D. 58 at 8–9.  A hybrid claim permits a plaintiff to raise a breach of contract based on the CBA against the employer where the claim, standing on its own, would be preempted by federal law.  See Ljungberg v. Saint Vincent Hosp., No. 23-cv-40166-MRG, 2024 WL 4228934, at *8 (D. Mass. Sept. 18, 2024) (citing Plummer v. Bottling Grp., LLC, No. 21-cv-2799-RBW, 2023 WL 2424617, at *5 (D.D.C. Mar. 9, 2023)).  It "comprises of two causes of action:  a suit against an employer for breach of the [CBA] and a suit against a union for breach of the union's duty of fair representation." McNeill v. Steward Health Care, LLC, No. 19-cv-10697-ADB, 2019 WL 2330423, at *4 (D. Mass. May 31, 2019). To prevail against his or her employer, the plaintiff must allege plausibly that "*both* the employer broke the collective bargaining agreement and that the union breached its duty of fair representation."  Id. (emphasis in original) (quoting Chaparro-Febus v. Int'l Longshoremen Ass'n, Local 1575, 983 F.2d 325, 330 (1st Cir. 1992)).  Given the Court's determination in its ruling on the Union's motion for summary judgment that the Union did not breach its duty of fair

---

[4] At the motion hearing, De Los Santos's counsel also relied upon Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407 (1988), to argue that De Los Santos's breach of the CBA claim is not preempted by Section 301.  There, the Supreme Court held that the plaintiff's retaliatory discharge claim under Illinois law was not preempted under Section 301 because the elements of the claim raised "purely factual questions" that "d[id] not turn on the meaning of any provision of a [CBA]."  Lingle, 486 U.S. at 407.  The same is not true in this case where, as discussed, De Los Santos's sole claim against Boston University is a breach of the CBA claim, which resolution depends upon the interpretation of same.  Accordingly, De Los Santos's reliance here on Lingle is misplaced.

representation, D. 49, De Los Santos's claim against Boston University may not proceed as a hybrid claim.  See McNeill, 2019 WL 2330423, at *4.

### C.     De Los Santos's Motion to Amend

Here, the Court understands De Los Santos as primarily seeking leave to amend the complaint to add (1) an allegation that Boston University has reconsidered its decision to terminate De Los Santos's employment; (2) a claim for violation of the American with Disabilities Act ("ADA") and (3) a claim for violation of Title IX.[5]

### 1.     Constructive Rehiring

De Los Santos alleges in his request for leave to amend that Boston University has constructively rehired him as a janitor and, accordingly, he is owed lost wages for the last four years.  D. 59 at 10-11.  As an initial matter, De Los Santos has not cited, and the Court cannot identify, any statutory or judicial authority, either federal or state, to support this novel cause of action.  Thus, there is no ground for the Court to recognize a cause of action for constructive rehiring.  See Boyd v. Advanced Physicians, No. 22-cv-7012-JRB, 2024 WL 1363421, at *5 (N.D. Ill. Mar. 29, 2024) (declining to recognize the plaintiff's novel cause of action for discrimination

---

[5] De Los Santos also moves to assert the following claims in the amended complaint:  emotional distress; breach of contract; age discrimination in violation of Title VII, 42 U.S.C. § 2000d, and 42 U.S.C. § 1981; defamation by the Boston University Police Department and infliction of emotional distress.  D. 59 at 12.  De Los Santos has provided no factual allegations to support these claims.  Id.  Additionally, any claim raised under Title VII (or its Massachusetts equivalent, Mass. Gen. L. c. 151B), would be untimely given that De Los Santos has failed to bring an administrative charge with the U.S. Equal Employment Opportunity Commission ("EEOC") or the Massachusetts Commission Against Discrimination ("MCAD") within 300 days "of the date of the occurrence of the alleged unlawful employment practice."  Goldstein v. Brigham & Women's Faulkner Hosp., Inc., 80 F. Supp. 3d 317, 323 (D. Mass. 2015) (citations omitted). Accordingly, the Court denies the motion to amend the complaint to add these claims on futility grounds.

based on her status as a caregiver "[i]n the absence of support in the law of [the] circuit" or statutory text).

Even assuming *arguendo* that such a cause of action is cognizable, De Los Santos's request to amend to add this claim still is futile. De Los Santos's sole basis for claiming that he was constructively rehired is his allegation that Boston University had rescinded its decision to terminate him by virtue of its decision to provide his son, John De Los Santos ("John"), a tuition reduction typically provided to university employees and their children. D. 59 at 10. Even as alleged, it is unclear to the Court what connection, if there is any, between Boston University's decision to provide John tuition reduction and De Los Santos's alleged rehiring. Moreover, the email correspondence De Los Santos attaches to the motion as evidence for this constructive rehiring claim, D. 59 at 95–100, suggests that John was qualified for the reduction not because Boston University decided to rehire De Los Santos, but because despite his termination, De Los Santos had retiree status which qualified John for the reduction, id. at 95.

Undeterred, De Los Santos argues that Boston University's decision to provide John with a tuition reduction effectively "codes" De Los Santos as an employee for tax purposes pursuant to Section 117(d) of the Internal Revenue Code, 26 U.S.C. § 117(d), and thus supersedes the "previous decision to terminate" De Los Santos's employment. D. 59 at 13-14. Section 117(d) permits "qualified tuition reduction" from being included in gross income reporting. 26 U.S.C. § 117(d)(1). "To be a 'qualified tuition reduction' the reduction in tuition must be provided to an employee of a qualified education institution for the education, below a graduate level, at a qualified education institution of either the employee or someone treated as an employee." Voigt v. Comm'r of Internal Revenue, No. 15709-16S, 2018 WL 2208362, at *3 (T.C. May 14, 2018) (citing 26 U.S.C. § 117(d)(2)). "Those treated as employees include former employees who

separated from service 'by reason of retirement or disability' and the dependents of employees." Id. (citing 26 U.S.C. § 132(h)).  Importantly, Section 117(d) is applicable only to the individual tax filer who receives or whose dependents receive the "qualified tuition reduction," not to the educational institution itself.  Id. at *5.  Thus, it is not clear how reliance on Section 117(d), contrary to De Los Santos's arguments, aids his contention that Boston University had constructively rehired him or how that supports any legal claim that would entitle him to relief against the school.

For the reasons stated above, the Court denies the motion for leave to amend as to this claim as futile.

### 2.    ADA

"The ADA . . . prohibit[s] discrimination against an otherwise qualified individual based on his or her disability."  Calero-Cerezo v. U.S. Dep't of Just., 355 F.3d 6, 19 (1st Cir. 2004). "[T]he ADA mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and . . . such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of . . . the ADA."  Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999) (citations omitted).  Thus, to raise an ADA claim here, De Los Santos must first "file [his] charge with the [EEOC] within [180] days of the alleged discriminatory conduct or within [300] days if '[he] ha[d] initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice.'" Martinez-Jordan v. Baxter Healthcare Corp., 608 F. Supp. 2d 224, 238 (D.P.R. 2009) (citations omitted).  Here, De Los Santos has not alleged in either the amended complaint or the motion for leave to amend that he "ha[d] filed a timely charge with the EEOC or that he ha[d] received a right-to-sue letter from the EEOC" and as such he may not raise an ADA claim in court.  Isaacs v.

Trustees of Dartmouth Coll., No. 17-CV-040-LM, 2018 WL 734182, at *8 (D.N.H. Feb. 5, 2018)

(citing Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 390 (1st Cir. 2014)).

Because De Los Santos was terminated on November 18, 2021, D. 38 ¶ 9, any attempt to bring

such a charge with the EEOC at this juncture based on alleged adverse employment conduct during

his employment at Boston University would far exceed the 300 days requirement and is as such

untimely.  See Martinez-Jordan, 608 F. Supp. 2d at 238.   Accordingly, the Court denies his request

for leave to amend as to this claim as futile.

### 3.    Title IX

Title IX "does not contain a statute of limitations," and accordingly federal courts

"ordinarily borrow the forum state's statute of limitations for personal injury," which is three years

in Massachusetts. Czerwienski v. Harvard Univ., 666 F. Supp. 3d 49, 77 (D. Mass. 2023) (citations

and quotations omitted).  As with his ADA claim, because De Los Santos was terminated on

November 18, 2021, D. 38 ¶ 9, any Title IX claim arising from his employment at Boston

University is time-barred and, accordingly, cannot be raised in an amended complaint.

Assuming *arguendo* that the statute of limitations was not a barrier, De Los Santos's Title

IX claim still would not be plausibly pled here.  "Title IX provides that '[n]o person in the United

States shall, on the basis of sex, . . . be subject to discrimination under any education program or

activity receiving [f]ederal financial assistance.'"  Farzinpour v. Berklee Coll. of Music, 616 F.

Supp. 3d 98, 110 (D. Mass. 2022) (alteration in original) (quoting 20 U.S.C. § 1681(a)).  To raise

a Title IX challenge to the result of a university's administrative proceeding or investigation on

"erroneous outcome" ground, as in this case, "[a] plaintiff must (1) 'allege particular facts

sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary

proceeding' and (2) show a causal connection between gender bias and the outcome of the

proceeding." <u>Doe v. Trs. of Dartmouth Coll. ("Dartmouth Coll.")</u>, 615 F. Supp. 3d 47, 57 (D.N.H. 2022) (quoting <u>Doe v. Trs. of Bos. Coll.</u>, 892 F.3d 67, 90 (1st Cir. 2018)).  Gender bias "may be inferred when the following factors are met: the school 'made findings against the accused male that were incorrect and contrary to the weight of the evidence'; failed to follow its procedures to protect the accused; failed to seek out potential witnesses; <u>and</u> faced criticism for not addressing female complaints against males." <u>Farzinpour</u>, 616 F. Supp. 3d at 110 (some quotation marks omitted) (emphasis in original) (quoting <u>Vengalattore v. Cornell Univ.</u> 36 F.4th 87, 106 (2d Cir. 2022)).

Citing these factors, De Los Santos asserts that the disciplinary proceeding conducted against him violated Title IX because Boston University  (1) "made findings against the accused male that were incorrect and contrary to the weight of the evidence;" (2) "failed to follow its procedures to protect the accused;" (3) "failed to seek out potential witnesses" and (4) "faced criticism for not addressing female complaints against male."  D. 59 at 9.  De Los Santos's assertions, however, are conclusory and unaccompanied by any factual allegations sufficient to "cast some articulable" doubt on the outcome of the grievance proceeding. <u>See  Doe v. University of Mass.-Amherst</u>, No. 14-30143-MGM, 2015 WL 4306521, at *9 (D. Mass. Jul. 14, 2015) (dismissing Title IX claim).  Accordingly, because any such claim is time-barred and, even if it were not, De Los Santos has failed to provide any allegations to support his Title IX claim, his motion to amend the complaint to add this claim is also futile.

For the aforementioned reasons, the Court denies the motion to amend.

14

## VI.    Conclusion

For the foregoing reasons, the Court ALLOWS Boston University's motion to dismiss the amended complaint, D. 57, and DENIES De Los Santos's motions to strike the motion to dismiss and for leave to amend the complaint.  D. 59.

**So Ordered.**

/s Denise J. Casper
United States District Judge